Jose Emilio **RODRIGUEZ SERRA,**
Plaintiff,

v.

**MATIAS PHOTO SHOP and/or Carlos Matias, Defendant.**

Civ. No. 26-57.

United States District Court
D. Puerto Rico,
San Juan Division.

Aug. 14, 1957.

On Motion in Opposition to Request for Jury Trial Nov. 8, 1957.

Hector Lugo Bougal and Carlos J. Irizarry Yunque, Ponce, P. R., for plaintiff.

Leopoldo Delucca, Santurce, P. R., Oscar Castro Rivera, San Juan, P. R., for defendant.

RUIZ-NAZARIO, District Judge.

This action came up for hearing on defendant's motion to dismiss. This was submitted on memoranda which have already been filed by the parties.

After due consideration of such memoranda, the Court has reached the conclusion that the only question raised in support of defendant's motion which is worthy of some discussion is that relative to the barring of the action under the Commonwealth's Statute of Limitations and this only as respects the issue of damages.

■ No doubt that under the construction given by the courts to Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., this question may be raised in a motion to dismiss and the Court may consider and decide the same where the allegations of the complaint affirmatively show that the action is barred by the applicable statute of limitations.

■ However, the complaint in this action does not affirmatively show that the action is so barred.

All that is alleged in it is that *after* March 1, 1944 and up to the present time the defendant has infringed and is infringing at present said copyright (Par. VI), and that defendant *after* March 1, 1944 and *continuously*, up to the present time, has been publishing, selling, and otherwise marketing the photograph, etc. (Par. VIII.)

Said allegations cannot be construed as affirmatively stating that plaintiff knew *on* March 1, 1944, that defendant was then infringing his copyright.

Although the words "after March 1, 1944" could possibly refer to any date between March 2, 1944 and February 8, 1956, which would fall within the period subject to the barring provisions of the Statute of Limitations, they can also be understood to refer to any date between February 9, 1956 and the date of the filing of the complaint which is the period not barred thereunder.

■ As in considering a motion to dismiss as the one discussed herein, the Court is bound to read the complaint in the light most favorable to the plaintiff, I must interpret said words as referring to a period subsequent to March 1, 1944, not falling within the barring provisions of the Statute of Limitations.

■ Under the Federal Rules of Civil Procedure, the defendant has ample means to discover the exact date when the alleged infringement became known to plaintiff and to compel plaintiff, once said date is duly ascertained, to limit his claim for damages to those not barred by the Statute of Limitations.

The motion to dismiss must be, therefore, denied.

It is so ordered.

On Motion in Opposition to Request for Jury Trial.

Plaintiff's motion in opposition to defendant's request for jury trial must be granted, under Rule 38(a) of the Fed. Rules Civ.Proc., 28 U.S.C.A. and the Seventh Amendment of the Constitution, on the authority of Chappell & Co., Inc., v. Palermo Cafe, Inc., 1 Cir., 249 F.2d 77.

The same issues that were found there to be triable by the court and not by jury appear raised in this action and the only other issue herein, i.e., that of accounting, is unquestionably an equitable issue to be tried by the court and not by jury.

It is therefore ordered that defendant's request for a trial by jury be and the same is hereby denied.